## Henry D. Laughlin, Appellee, v. Charles H. Norton and Henry P. Norton, Appellants.

### Gen. No. 19,412.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. John J. Rooney, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and judgment here. Opinion filed June 9, 1914.

## Statement of the Case.

Action by Henry D. Laughlin against Charles H. Norton and Henry P. Norton to recover money claimed to be loaned by plaintiff to defendants. Plaintiff filed the common counts and a bill of particulars, in which he claimed he loaned the defendants on three separate occasions sums of money aggregating in all $4,017.75. The defendants filed a set-off claiming money due from plaintiff to defendants as follows: $2,046.82 due upon a certain land contract between the parties, dated May 6, 1905; and $1,251.35 due upon another land contract between the parties dated October 31,

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

1905, which sums, with interest, amounted to $4,487.36; and giving the plaintiff credit for $1,277.08, for cash paid on account of contracts, with interest. The claim of set-off showed a balance due the defendants of $3,210.28. Plaintiff filed an affidavit of merits to the set-off, denying that defendants performed under the contract of October 31, 1905, and alleging that he did not waive any of the provisions of the contract and was entitled to a credit of $1,891.95, as payment upon the contract of May 6, 1905. The court found that the sum of $1,891.95 was paid by plaintiff to defendants as a loan and that performance of the contract of October 31, 1905, was not fulfilled by the defendants; that plaintiff had paid on the contract of October 31, 1905, $2,125.81, and such sum together with $1,891.95, and interest thereon, amounted to a total of $4,735.12. As against this amount the court allowed defendants a credit of $2,046.82 named in the contract of May 6, 1905, with interest, leaving a balance of $1,895.20 due plaintiff and entered judgment therefor. To reverse the judgment, defendants appeal.

CASTLE, WILLIAMS, LONG & CASTLE and MIGHELL, GUNSUL & ALLEN, for appellants.

DEFREES, BUCKINGHAM, RITTER & EATON, for appellee; MARQUIS EATON and DON K. JONES, of counsel.

MR PRESIDING JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 89*—*when finding that money was loaned not sustained by the evidence.* In an action for money loaned where the defense was that the plaintiff agreed that the money should apply on a contract for the purchase of defendant's interest in certain lands, *held* that a finding that the money was loaned was not sustained by the evidence.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

American Woolen Co. v. Lesher, 187 Ill. App. 259.

2. CONTRACTS, § 329*—*when covenants in executory sealed contract may be waived by parol.* Covenants contained in an executory sealed contract may be waived by parol by the party for whose benefit they were inserted, provided no new element or terms are added; and the party to a contract so waiving one of its terms or covenants will be estopped to insist that such covenant was not performed by the other.

3. VENDOR AND PURCHASER, § 106*—*when provision in contract is waived.* Where assignees of a contract to purchase land enter into a contract with another to assign to him the entire interest of the original purchaser, to confirm by deed such assignment from all the parties in interest, including the shareholders of a certain company, and also to obtain the consent of the original vendor to the transfer, *held* that there was a substantial performance of the contract on the part of such assignees though they did not procure the consent of the original vendor to the assignment, where the other party waived the procurement of such consent and agreed to obtain it himself.

4. VENDOR.AND PURCHASER, § 100*—*when purchaser entitled to rescission of contract.* To justify a purchaser in rescinding a land contract and recovering the money paid, the vendor must have failed in a substantial manner to observe his part of the contract, and the object of the contract must have been defeated or rendered unattainable by the vendor's misconduct or default.